## Bailey's Appeal.

A trustee should not be surcharged for a loss arising from a mere error of judgment, when not guilty of any wilful neglect or default.

(Decided February 1, 1886.)

Appeal from a decree of the Orphans' Court of Philadelphia County. Affirmed.

Samuel B. Bailey died seised and possessed of property valued at about $200,000. By his will he appointed his wife, James W. Paul, and John Craig executors, giving them power to sell his real estate, either at private sale or at public auction, "avoiding unnecessary sacrifice." His wife survived him only about two weeks. The executors sold considerable real estate. Upon the final accounting of the executors, Marwood H. Bailey, Mary E. Worthington, Samuel B. Bailey, Jr., Melbourne Bailey, and Helena C. Bailey, legatees and devisees under the will of Samuel B. Bailey, presented a petition to the court alleging that the real estate had been sold without necessity and at a great sacrifice, and praying that the executors should be charged with the deficiency below the proper price. The court refused the prayer of the petition, and the petitioners appealed.

*A. A. Hirst* and *J. Howard Gendell* for appellants.

*George Junkin* for appellees.

PER CURIAM:

A trustee should not be surcharged for a loss arising from a mere error of judgment, when not guilty of any wilful neglect

NOTE.—An executor is not chargeable with losses when he has acted in good faith as an ordinarily prudent man would do. Woodward's Estate, 27 W. N. C. 407; McCourt's Appeal, 11 W. N. C. 161. So, he will not be surcharged with the loss resulting from the sale of land unless his conduct has been negligent. Merkel's Estate, 131 Pa. 584, 18 Atl. 931; Hazzard's Estate, 19 Phila. 179; Springer's Estate, 51 Pa. 342. But the contrary is true if it can be shown that there was bad faith. Gilbert's Appeal, 78 Pa. 266. Or if loss occurs by reason of sales of propery on credit. Dillebaugh's Estate, 4 Watts, 177; McGee's Estate, 1 Phila. 443.

As to liability of trustee for loss through bank failure, see editorial note to Law's Estate, 14 L. R. A. 103, containing a full presentation of the authorities on that question.

or default. He certainly is not liable on a mere doubtful error of judgment. That appears to be the extent of the appellees' offending in this case. There is no error in the decree.

Decree affirmed and appeal dismissed, at the costs of the appellants.